IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; and MINER ENTERPRISES, INC., a Delaware corporation, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV739 |
| v. | ) ) | |
| HERZOG CONTRACTING CORP., a Missouri corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on defendant's motion to dismiss (Filing No. 14).

## I. Background

Ballast is crushed rock. Plaintiff, Miner Enterprises, Inc. ("Miner") produces a ballast gate and plow system which it has been offering for sale for about four years. These systems are used by railroads to place ballast on to both new and existing railroad track structures.

Defendant Herzog Contracting Corp. ("Herzog") also manufactures a ballast gate and plow system. Herzog owns two patents related to its gate and plow systems.[1]

---

[1] Herzog is the owner of U.S. patent 5,311,822 entitled "Ballast Hopper Door Control Apparatus and Method with Independently and Selectively Actuated Motors in Response to Uniquely Coded Signals" which refers to an aspect of its gate system and U.S. patent 5,423,268 entitled "Railroad Hopper Car with Ballast Distributing Blade and Hopper Door and Blade Control Apparatus and Method" which refers to an aspect of its plow system.

Plaintiff Union Pacific Railroad Company (Union Pacific") submitted a request for quote ("RFQ") on July 12, 2006, to various railroad car manufacturers. The RFQ sought price quotes for ballast cars with gate systems and optional plow systems that were "the Miner Stand Alone Aggregate Ballast System . . . or equivalent." The RFQ sought up to 600 ballast cars with gate systems and included details on the operation and structure of the gate system. The RFQ also noted that 150 cars were to be equipped with a ballast plow system that was the "Miner Ballast Plow System or equivalent," and included details on the operation and structure of the plow system.

Wes Hutcherson ("Hutcherson") of Union Pacific sent a copy of the RFQ by e-mail to Bret George of Herzog on August 2, 2006. Later, in the first half of September, 2006, Hutcherson spoke to George Ferris ("Ferris"), Herzog's Vice President of Marketing, regarding the RFQ. During their conversation, Ferris told Hutcherson, "Wes, I don't care who builds or where you get the 600 ballast cars built, but if someone builds plow cars we will go after them legally because we own patents for those systems."

Later, at a September 26, 2006, business meeting, Hutcherson approached Ferris to inquire about the threat to go after any manufacturer of ballast cars with gate and plow systems legally. Ferris reaffirmed that Herzog owned patents and would go after any such manufacturers legally. Following this meeting, Hutcherson informed Union Pacific's legal department of Ferris'

-2-

statements.  Fearing a Herzog lawsuit for patent infringement, Union Pacific and Miner filed this complaint seeking a declaration that the Miner gate and plow systems do not infringe the Herzog patents.

## II.  Analysis

In suits for declaratory judgment, the party seeking judgment "has the burden of establishing the existence of an actual case or controversy."  *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).  An actual controversy is a definite and concrete dispute that justifies an immediate determination of the parties' legal rights.  *Medimmune, Inc. v. Genentech, Inc.*, 427 F.3d 958, 964 (Fed. Cir. 2005)(*quoting Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937)).  Because the existence of an actual controversy is a question of subject matter jurisdiction, this issue may supply the basis for a motion to dismiss.  *Gen-Probe, Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir. 2004).

The nonmoving party has the burden to supply facts that support subject matter jurisdiction.  If the moving party argues that the complaint lacks sufficient allegations for jurisdiction, then the allegations in the complaint are taken as true, with reasonable inferences for the nonmoving party.  But, if the moving party challenges the allegations underlying jurisdiction, the Court may look beyond the allegations in the complaint and make its own findings on the record.  *Cedars-Sinai Medical Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed. Cir. 1993).

A plaintiff must prove two elements to show an actual controversy in the context of a patent rights suit: "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993). Miner has been selling its gate system for four years, effectively fulfilling the second element of the test for determining if an actual controversy exists. Thus, the only question is whether Herzog's actions have created a reasonable apprehension of suit in Miner.

To create a reasonable apprehension of suit, a defendant's conduct must "indicate defendant's intent to enforce its patent." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988). The conduct can be a direct threat of suit or indirect conduct that, when considered within the totality of the circumstances, demonstrates a reasonable apprehension of suit. *Arrowhead*, 846 F.2d at 736. The conduct does not have to be directed to the plaintiff but may be made to third parties that have an interest in the industry such as customers. *Id.* at 737.

Plaintiffs allege that Ferris, Herzog's representative, informed Union Pacific that it would legally go after anyone who builds plow cars because Herzog owned patents for these systems. Plaintiffs allege that Ferris made the comment to Hutcherson

-4-

twice in September, 2006, once during a telephone conversation and once in person at a business meeting in Omaha.

Herzog argues that the statements made are insufficient to create a reasonable apprehension in the plaintiffs that the defendant would bring a lawsuit because the statements are oral and not in writing.  There is no requirement that a threatening statement be reduced to writing, and this argument is unpersuasive.

"That the burden of proof is always on the plaintiff to show that a federal court has jurisdiction over the subject matter does not mean that a defendant, without any proof on his part, can put the plaintiff to proof by affidavit of jurisdictional facts sufficiently alleged in the complaint.  The defendant must at least submit some proof that the jurisdictional facts so alleged do not exist."  *Motions in Federal Court: Civil Practice* § 5.4.10 (Shepard's 1982).  Here, the defendant has failed to produce sufficient proof to support an assertion that the Court does not have subject matter jurisdiction.  The defendant does not deny that Ferris told Hutcherson, "if someone builds the plow cars we will go after them legally because we own the patents for those systems," or words to this effect.  This statement is sufficient to create a reasonable apprehension of suit in Miner, and thereby fulfills the first part of the two-part test for demonstrating that an actual controversy exists.

It is uncontroverted that Miner has been selling a gate and plow system for four years, thereby meeting the second part

-5-

of the actual controversy test.  As plaintiffs have met the two-part test for demonstrating that an actual controversy exists, defendant's motion to dismiss will be denied.  Accordingly,

IT IS ORDERED that defendant's motion to dismiss (Filing No. 14) is denied.

DATED this 18th day of February, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court