IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNION PACIFIC RAILROAD        )
COMPANY, a Delaware           )
corporation; and MINER        )
ENTERPRISES, INC., a Delaware )
corporation,                  )
                              )
            Plaintiffs,       )        8:06CV739
                              )
      v.                      )
                              )
HERZOG CONTRACTING CORP., a   )        ORDER
Missouri corporation,         )
                              )
            Defendant.        )
_____)
```

This matter is before the Court on plaintiffs' motion for leave to amend complaint (Filing No. 103). After review of the motion, the briefs and evidentiary submissions of the parties, the Court finds that the motion should be denied.

Our pleading system generally allows parties the freedom to amend their pleadings so long as prejudice to the opposing party is avoided. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Courts have construed Rule 15(a) to mean that "[u]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Becker v. University of Nebraska, at Omaha*, 191 F.3d 904, 907-08 (8th Cir. 1999). However, although undue delay is one good reason for denial, "[d]elay alone is not enough to deny a motion to amend; prejudice

to the nonmovant must also be shown." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004).  Here, there is no question as to the existence of a delay.  The deadline for amending pleadings was July 6, 2007, and discovery closed on November 30, 2007.  (*See* Filing No. 44.)  This motion was filed on January 8, 2008.  The question then is whether the defendant would be prejudiced by allowing the plaintiffs to amend their complaint at this stage.

The United States Court of Appeals for the Eighth Circuit has acknowledged that prejudice is present "when late tendered amendments involve new theories of recovery and impose additional discovery requirements . . . ."  *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).  Here, plaintiffs propose the amendment in order to add a claim of patent misuse and related allegations.  (*See* Filing No. 104, Ex. A.)  The Court finds this is a new theory of recovery.  The next question is whether the tendered amendments would impose additional discovery requirements.  Plaintiffs claim they would not because the issue is "primarily a legal one."  (Pl.'s Mem. in Supp. of Pl.'s Mot. for Leave to Amend Compl., Filing No. 103, at 3.)  Defendant argues that they would because "the determination of patent misuse is highly fact intensive."  (Def.'s Br. in Opp. to Pl.'s Mot. for Leave to Amend Compl., Filing No. 114, at 4.)  Defendant envisions redeposing "many" of the fifteen witnesses previously deposed in this case, as well as needing to take "many other depositions that would be warranted and necessary if the proposed

-2-

amendment is allowed." (*Id.* at 5.)  While the Court disagrees with the defendant regarding the scope and extent of further discovery which would be necessary, it does find that some additional discovery would probably be required if this motion were to be granted.  The Court therefore finds that allowing the amendment would result in prejudice to Herzog because a new theory of recovery necessitating further discovery would be added if leave to amend is given.

Plaintiffs argue that while there may have been delay, the delay was not undue.  The Court disagrees.  Plaintiffs admit that the deposition transcript of Mr. Schmitz was received in August, 2007 (*See* Filing No. 103, at 2).  They conclude that therefore "Plaintiffs could not have made this motion until long after the deadline of July 6, 2007 . . . ." (*Id.*)  That may be true.  However, further delaying filing until January 8, 2008, simply because it is already late does not excuse the delay.  For the foregoing reasons, the Court finds that the plaintiffs' motion for leave to amend should be denied.  Accordingly,

IT IS ORDERED that plaintiffs' motion for leave to amend complaint (Filing No. 103) is denied.

DATED this 5th day of February, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court